1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RUCHELL CINQUE MAGEE,

          Plaintiff,

    v.

PETER FLORES, et al.

          Defendants.

_____/

CASE NO.    1:11-cv-01239-AWI-MJS (PC)

FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND TO REMAND

(ECF Nos. 15, 19 & 20)

OBJECTIONS DUE WITHIN FOURTEEN-DAYS

       Plaintiff Ruchell Cinque Magee ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

       Plaintiff filed the instant action in San Francisco Superior Court on January 14, 2011.  (Notice of Removal, ECF No. 1 at 1.)  Service on all of the Defendants was completed on March 21, 2011. (Id. at 1.)  On April 20, 2011, Defendants filed a Notice of Removal in the United States District Court for the Northern District of California.  (Id.)  On May 18, 2011, Plaintiff filed a motion to remand.  (ECF No. 5.)  On June 3, 2011, this case was reassigned to the Eastern District of California and Plaintiff's motion to remand was denied.  (ECF Nos. 10 & 11.)

       On August 12, 2011, Plaintiff filed a motion for reconsideration regarding the denial of his motion to remand.  (ECF No. 15.)  On September 16, 2011 and September 19, 2011, Plaintiff filed two new motions to remand the matter back to state court.  (ECF Nos. 19 &

1  20.) Defendants have failed to file any oppositions to Plaintiff's motions.  Plaintiff's motions

2  are now before the Court.

3  **I.     MOTION FOR RECONSIDERATION**

4  _____Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that

5  justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent

6  manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.

7  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation

8  omitted).  The moving party "must demonstrate both injury and circumstances beyond his

9  control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration

10  of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or

11  circumstances are claimed to exist which did not exist or were not shown upon such prior

12  motion, or what other grounds exist for the motion."

13  "A motion for reconsideration should not be granted, absent highly unusual

14  circumstances, unless the . . . court is presented with newly discovered evidence,

15  committed clear error, or if there is an intervening change in the controlling law," Marlyn

16  Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)

17  (internal quotations marks and citations omitted), and "[a] party seeking reconsideration

18  must show more than a disagreement with the Court's decision, and recapitulation . . . " of

19  that which was already considered by the Court in rendering its decision.  U.S. v.

20  Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

21  Plaintiff has provided no intelligible grounds or arguments supporting his motion for

22  reconsideration.  He has not shown clear error or other meritorious grounds for relief.  He

23  has not met his burden as a party moving for reconsideration.  Marlyn Nutraceuticals, Inc.,

24  571 F.3d at 880.  Plaintiff's motion for reconsideration (ECF No. 15) should therefore be

25  denied.

26  **II.    MOTIONS TO REMAND**

27  Plaintiff has filed two motions to remand this matter to state court.  (ECF Nos. 19

28  & 20.)  Neither motion contains any legal argument.  They are made up primarily of a

variety of insults against judges and the judicial system.

_____Plaintiff filed his Complaint in California state court on January 14, 2011.  (Notice of Removal, ECF No. 1 at 1.)  Service on all of the Defendants was completed on March 21, 2011.  (Id. at 1.)  Defendants filed a Notice of Removal on April 20, 2011 with the United States District Court for the Northern District of California.  (Id.)

The Complaint in this case facially supports that subject matter jurisdiction exists in federal court because Plaintiff alleges violation of his federal constitutional rights.  28 U.S.C. §§ 1441, 1442.  A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction.  28 U.S.C. § 1441(a).  That is, a civil action that could have originally been brought in federal court may be removed from state to federal court.  A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff does not directly allege federal constitutional violations in his Complaint, but Plaintiff's causes of action primarily arise under the First, Eighth, and Fourteenth Amendments of the United States Constitution.  (Notice of Removal, Ex. A) Subject matter jurisdiction is proper in federal court  since these allegations can be  brought pursuant to 42 U.S.C. § 1983, even though Plaintiff does not explicitly cite to this statute in his Complaint.  Further, Defendants removed the action from state court within 30 days of receiving notice of the filing of this action.  28 U.S.C. § 1446(b).  As this case was properly removed to federal court, Plaintiff's motions to remand should be denied.

**V.    FINDINGS AND RECOMMENDATIONS**

Accordingly, the undersigned hereby RECOMMENDS the following:

1.    Plaintiff's motion for reconsideration (ECF No. 15) be DENIED; and

2.    Plaintiff's motions to remand (ECF Nos. 19 & 20) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen days of entry of this order, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    March 1, 2012                       /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE