1
2
3
4
5          UNITED STATES DISTRICT COURT
6
7              EASTERN DISTRICT OF CALIFORNIA
8
9
10   RUCHELL CINQUE MAGEE,              CASE NO.    1:11-cv-1239-AWI-MJS (PC)
11                                      ORDER  DISMISSING  PLAINTIFFS'S
                  Plaintiff,            COMPLAINT WITH LEAVE TO AMEND
12
                                        (ECF No. 1)
13        v.
                                        AMENDED  COMPLAINT  DUE  WITHIN
14   P. FLORES, et al.,                 THIRTY DAYS
15
                  Defendants.
16   _____/
17
18        Plaintiff Ruchell Cinque Magee ("Plaintiff") is a state prisoner proceeding pro se in
     this civil rights action pursuant to 42 U.S.C. § 1983.
19
20        Plaintiff filed the instant action in San Francisco Superior Court on January 14,
     2011.  (Notice of Removal, ECF No. 1 at 1.)  Service on all of the Defendants was
21
     completed on March 21, 2011.  (Id.)  On April 20, 2011, Defendants filed a Notice of
22
     Removal to the United States District Court for the Northern District of California.  (Id.)  On
23
     May 18, 2011, Plaintiff filed a motion to remand.  (ECF No. 5.)  On June 3, 2011, this case
24
     was reassigned to the Eastern District of California and Plaintiff's motion to remand was
25
     denied.  (ECF Nos. 10 & 11.)  Plaintiff's several motions for reconsideration of his request
26
     to remand were also denied.  (ECF Nos. 15, 19, 20, 22, & 24.)
27
28
                                    -1-

1   Plaintiff's First Amended Complaint is now before the Court for screening.[1]  (Am.
2   Compl., ECF No. 1 at Ex. A.)   For the reasons set forth below, the Court finds that
3   Plaintiff's Amended Complaint fails to state a claim.

4   **I.   SCREENING REQUIREMENT**

5   The Court is required to screen complaints brought by prisoners seeking relief
6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
7   § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has
8   raised claims that are legally "frivolous or malicious," that fail to state a claim upon which
9   relief may be granted, or that seek monetary relief from a defendant who is immune from
10  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion
11  thereof, that may have been paid, the court shall dismiss the case at any time if the court
12  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
13  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

14  A complaint must contain "a short and plain statement of the claim showing that the
15  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are
16  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
17  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.
18  Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).
19  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is
20  plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).
21  Facial plausibility demands more than the mere possibility that a defendant committed
22  misconduct and, while factual allegations are accepted as true, legal conclusions are not.
23  Id. at 1949-50.

24  **II.   SUMMARY OF PLAINTIFF'S COMPLAINT**

25  Plaintiff is currently housed at California Substance Abuse Treatment Facility in
26  Corcoran, California ("SATF"), where most of the events at issue in Plaintiff's Amended

27  ─────────────
28  [1] Plaintiff appears to have initiated this action with a First Amended Complaint.  (Am. Compl., ECF No. 1 at Ex. A.)

1  Complaint appear to have occurred.  Plaintiff sues the following individuals for unlawful
2  retaliation under the First Amendment, violation of his right to due process under the
3  Fourteenth Amendment, and violation of his rights under the Eighth Amendment: 1) Peter
4  Flores, deputy attorney general of California, 2) K. Comaites, deputy warden at SATF, 3)
5  Sue Hubbard, director, Department of Corrections, 4) Jack Garner, commission, parole
6  board, 5) D. Hansen, Counselor at SATF, 6) B. Peterson, correctional counselor at SATF,
7  and 7) Davis, guard at SATF.

8      Plaintiff asks for twelve million dollars, declaratory relief, a temporary restraining
9  order, a preliminary injunction, costs, and a jury trial.

10     Plaintiff alleges as follows:

11     In October 2008, in retaliation for Plaintiff having filed matters with the courts,
12 Defendants Flores and Comaites conspired to have Plaintiff transferred to a program with
13 prison gangs and violent inmates. (Am. Compl. at 6.)  The program was placed on lock-
14 down and inmates in the program were denied privileges. (Id.)  Plaintiff's grievance,
15 objecting to the transfer, was ignored. (Id. at 6-7.)

16     Defendants Flores and Davis conspired to assault Plaintiff. (Am. Compl. at 7.) They
17 pepper sprayed Plaintiff's face, temporarily blinding him, in retaliation for his court filings.
18 (Id.)

19     Defendants Flores, Hubbard, Hansen, and Peterson conspired to suppress two 2009
20 Correctional Classification Committee's recommendation for review of the transfer in light
21 of Plaintiff's medical needs.  (Am. Compl. at 7.)   After a year of suppressing the
22 recommendations,   Defendants   Flores,   Hansen,   and   Peterson   overrode   the
23 recommendations. (Id.)  They falsely charged Plaintiff with battery on Defendant Davis;
24 Plaintiff was denied the opportunity to dispute the charge in  a judicial hearing. (Id.)

25     Defendants Flores and Garner conspired "to carry out a COINTELPRO kangaroo
26 Court proceedings" during Plaintiff's 2008 parole hearing. (Am. Compl. at 8.)  At the
27 hearing, Plaintiff was classified as a threat to the public and was not released. (Id.)
28 Defendant Flores concealed evidence that Plaintiff had been acquitted of kidnaping. (Id.)

1  Defendants Flores, Garner, and "COINTELPRO agents" conspired to hold another
2  "COINTELPRO kangaroo Court proceeding" in 2011.  (Id. at 8.)

3       Defendants have subjected Plaintiff to cruel and unusual punishment.  (Am. Compl.
4  at 8-9.)  Plaintiff filed 602 appeals, but has not received any relief.  (Am. Compl. at 9.)
5  Plaintiff has been subject to "double jeopardy prosecution" by the parole board and he has
6  not had the opportunity to prove his innocence.  (Id.)  Due to this prosecution, Plaintiff has
7  high blood pressure and is in danger of suffering from a heart attack and stroke.  (Id.)

8  **III.   ANALYSIS**

9       **A.   1983 Claims**

10      Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,
11 or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia
12 Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not
13 itself a source of substantive rights, but merely provides a method for vindicating federal
14 rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865
15 (1989).

16      To state a claim under section 1983, a plaintiff must allege two essential elements:
17 (1) that a right secured by the Constitution or laws of the United States was violated, and
18 (2) that the alleged violation was committed by a person acting under the color of state law.
19 See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,
20 1245 (9th Cir.1987).

21      **B.   Federal Rule of Civil Procedure 18(a)**

22      Fed. R. Civ. P. 18(a) states that "[a] party asserting a claim to relief as an original
23 claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as
24 alternate claims, as many claims, legal, equitable, or maritime, as the party has against an
25 opposing party." "Thus multiple claims against a single party are fine, but Claim A against
26 Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated
27 claims against different defendants belong in different suits, not only to prevent the sort of
28 morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that

1    prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the

2    number of frivolous suits or appeals that any prisoner may file without prepayment of the

3    required fees. 28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

4         The fact that claims are premised on the same type of constitutional violation(s) (i.e.

5    deliberate indifference) against multiple defendants does not make them factually related.

6    Claims are related where they are based on the same precipitating event, or a series of

7    related events caused by the same precipitating event.

8         The First Amended Complaint contains a number of unrelated claims in violation of

9    rule 18.   The Court identifies five distinct groupings of unrelated claims in Plaintiff's

10   allegations: (1) First Amendment retaliation claim against Defendants Flores and Comaites

11   for placing Plaintiff in a potentially dangerous program; (2) First Amendment retaliation claim

12   against Defendants Flores and Davis for assaulting Plaintiff with pepper spray; (3)

13   Fourteenth Amendment due process claim against Defendants Flores, Hubbard, Hansen,

14   and Peterson arising from Plaintiff's continued placement in the potentially dangerous

15   program; (4) Fourteenth Amendment due process claim against Defendants Flores and

16   Garner arising from Plaintiff's parole hearings; and (5) general Eighth Amendment claim for

17   cruel and unusual punishment against all Defendants.

18        The Court will review and discuss all of Plaintiff's claims and the law applicable to

19   them so that Plaintiff might evaluate which, if any, he feels may be and should be pursued

20   here and which, if any, may be and should be pursued in different actions.[2]

21        Plaintiff must file a separate complaint for each unrelated claim against different

22   defendants.  If he does not, all unrelated claims will be subject to dismissal.

23        **C.    First Amendment - Retaliation**

24        Plaintiff alleges that Defendants Flores, Comaites, and Davis retaliated against him

25   for pursuing his constitutional rights.

26        "Within the prison context, a viable claim of First Amendment retaliation entails five

27   ───────────────

28        [2] Plaintiff is reminded that filing an action based on claims that are not cognizable and/or frivolous may adversely affect his ability to file actions in forma pauperis in the future.  28 U.S.C. § 1915(g).

basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff has described actions that could be considered adverse.  He has alleged that Defendants Flores and Comaites conspired to transfer him to a more dangerous program at the prison.  He has also alleged that Defendants Flores and Davis assaulted him with pepper spray.  These actions can be considered adverse.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence.  Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). Plaintiff has not made any allegations, circumstantial or otherwise, that would suggest that Defendants Flores, Comaites, and Davis' actions were tied to his protected conduct, i.e., his court actions.  Plaintiff has not alleged when he engaged in the alleged protected conduct, precisely what the protected conduct even was, how and why he believes Defendants were even aware of it and how it could have motivated them to take adverse actions against Plaintiff. It is not sufficient that Plaintiff genuinely believe the actions were retaliatory.  He mus set forth some facts suggesting that his belief is more than just suspicion or speculation. Plaintiff has failed to satisfy this second prerequisite for a retaliation claim.

1    Filing a grievance is protected action under the First Amendment.  Valandingham v.
2    Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).  Pursuing a civil rights legal action is also
3    protected under the First Amendment.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).
4    Plaintiff has not alleged that he was engaged in conduct that was protected under the First
5    Amendment.  He has only alleged that he filed documents with a court, but does not explain
6    what kinds of documents he filed, when they were filed, or why the filing should be
7    considered protected conduct under the First Amendment.  Plaintiff has failed to allege
8    sufficient facts to satisfy this third prong.

9    With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape
10   liability for a First Amendment violation merely because an unusually determined plaintiff
11   persists in his protected activity...."  Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d
12   1283, 1300 (9th Cir. 1999).  The correct inquiry is to determine whether an official's acts
13   would chill or silence a person of ordinary firmness from future First Amendment activities.
14   Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).  Plaintiff does
15   not explain how Defendants Flores, Comaites, and Davis' actions would have chilled
16   someone from engaging in protected conduct.  Plaintiff has not satisfied the fourth
17   prerequisite.

18   With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison
19   authorities' retaliatory action did not advance legitimate goals of the correctional institution
20   or was not tailored narrowly enough to achieve such goals."  Rizzo, 778 F.2d at 532.
21   Plaintiff has not alleged how the alleged retaliatory action did not advance legitimate
22   penological goals.  There are many  acceptable reasons why individuals are transferred to
23   different  programs at SATF and at times pepper spray is necessarily used to control
24   prisooners..  Plaintiff has failed to satisfy this prong.

25   Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of his
26   retaliation claim, the Court finds that he has failed to state a claim upon which relief could
27   be granted.  Plaintiff will be given leave to amend this claim if he believes he can do so and
28   assert a non-frivolous claim for retaliation based upon something more than what is

-7-

1   described in his Complaint.  If he chooses to do so, he must show how all five prerequisites

2   to a retaliation claim can be met based upon such negligible activity by prison officials.

3          **D.**      **Eighth Amendment - Cruel and Unusual Punishment**

4          Plaintiff alleges a general claim of cruel and unusual punishment against all of the

5   Defendants.

6          The Eighth Amendment protects prisoners from inhumane methods of punishment

7   and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045

8   (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials

9   must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal

10  safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part

11  on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d

12  1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe

13  conditions of confinement, prison officials may be held liable only if they acted with

14  "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d

15  1124, 1128 (9th Cir. 1998).

16         The deliberate indifference standard involves an objective and a subjective prong.

17  First, the alleged deprivation must be, in objective terms, "sufficiently serious...." Farmer

18  v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991));

19  Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000).  A deprivation is sufficiently serious

20  when the prison official's act or omission results "in the denial of the minimal civilized

21  measure of life's necessities." Farmer, 511 U .S. at 834 (quoting Rhodes v. Chapman, 452

22  U.S. 337, 347 (1981)).  Second, the plaintiff must make a subjective showing that the prison

23  official knew of and disregarded an excessive risk to an inmate's health or safety. Id. at 837;

24  Johnson, 217 F.3d at 734.  Delays in providing showers and medical attention for inmates

25  suffering from harmful effects of pepper spray may violate the Eighth Amendment. Clement

26  v. Gomez, 298 F.3d 898, 905-06 (9th Cir. 2002).

27         Plaintiff has not met either requirement for an Eighth Amendment conditions of

28  confinement claim.  He has just made a general allegation that his Eighth Amendment rights

1  were violated by actions of Defendants.  Plaintiff has failed to allege sufficient facts for an
2  Eighth Amendment claim against Defendants.  Plaintiff should review the standards prior
3  to filing an amended complaint and determine whether he believes he can state a
4  cognizable Eighth Amendment claim.

5          **E.     Fourteenth Amendment - Due Process**

6                  1.     Classification and Program

7          Plaintiff may wish to allege that he was not properly classified and programmed as
8  a result of Defendants Flores, Hubbard, Hansen, and Peterson's actions.  The Due Process
9  Clause itself does not confer on inmates a liberty interest in avoiding more adverse
10 conditions of confinement.  Wilkinson v. Austin, 545 U.S. 209, 221–22 (2005).  Plaintiff does
11 not have a due process liberty interest in his classification or program.  Hewitt v. Helms, 459
12 U.S. 460, 468 (1983), overruled on other grounds by Sandin v. Conner, 515 U.S. 472
13 (1995); accord Hernandez v. Johnson, 833 F.2d 1316, 1318 (9th Cir. 1987).  There is no
14 evidence of atypical and significant hardship arising from conditions of confinement.  See
15 Wilkinson, 545 U.S. at 223–24 (finding a liberty interest in avoiding indefinite confinement
16 in Ohio's "Supermax" facility).

17        Plaintiff has neither a liberty interest nor a substantive right to any particular
18 classification or program.  Plaintiff fails to state a claim in this regard.  Because amendment
19 of this claim would be futile, leave to amend will not be granted.

20                 2.     Parole Hearing

21        Plaintiff also appears to allege Defendants Flores and Garner violated his due
22 process rights as a result of their actions at his parole hearings.

23        The United States Supreme Court succinctly explained in Swarthout v. Cooke, ___
24 U.S. ___, 131 S. Ct. 859 (2011), the scope of protection afforded by the Due Process
25 Clause of the Fourteenth Amendment to an inmate in California in his parole eligibility
26 determination.  The Court held that under California's statutory scheme, which creates a
27 liberty interest in release on parole, federal due process requires "fair procedures."  Id. at
28 862.  It does not, however, encompass a more substantive component, namely California's

1  requirement that denials of parole eligibility be supported by "some evidence" of current

2  dangerousness.  Id.

3          In the context of parole, the procedures required by the Due Process Clause are

4  "minimal."  Id.  A prisoner in California receives "adequate process when he is allowed an

5  opportunity to be heard and was provided a statement of the reasons why parole was

6  denied."  Id. (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442

7  U.S. 1 (1979)).  See Roberts v. Hartley, ___ F.3d ___, 2011 WL 1365811, at *3 (9th Cir.

8  Apr.12, 2011) (federal due process satisfied when the Parole Board permitted the inmate

9  to speak on his own behalf, permitted the inmate to contest the evidence against him, and

10 provided the inmate an explanation of its decision).  "The Constitution ... does not require

11 more."  Swarthout, 131 S. Ct. at 862.

12         Applying Swarthout to the allegations in this case, the Court finds that Plaintiff fails

13 to state a cognizable due process claim.  There are no allegations that Plaintiff was denied

14 "an opportunity to be heard" or was not "provided a statement of the reasons why parole

15 was denied" in connection with his 2008 and 2011 parole hearings.  Id.  To the extent that

16 Plaintiff alleges that his parole eligibility hearing was deficient for other reasons, such

17 reasons do not give rise to a cognizable federal due process claim.  The Due Process

18 Clause does not require prison officials to provide Plaintiff advanced notice of his parole

19 hearing.  See Roberts, 2011 WL 1365811, at *3.  Likewise, the Due Process Clause does

20 not permit this Court to evaluate the merits of the Board's decision to deny Plaintiff parole.

21 See Swarthout, 131 S. Ct. at 862; Miller v. Oregon Bd. of Parole and Post–Prison

22 Supervision, ___ F.3d ___, 2011 WL 1533512, at *5 (9th Cir. Apr.25, 2011) ("The Supreme

23 Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the due

24 process right is procedural [.]" ) (emphasis in original).

25         It appears that Plaintiff's claims may have been foreclosed, as a matter of law, by the

26 Supreme Court's decision in Swarthout.  It is not clear from Plaintiff's allegations what

27 process he was given before and during the hearings.  Plaintiff will be given leave to amend

28 and he should provide additional details in his amended complaint.

### F.   Conspiracy

Plaintiff also appears to seek relief based upon allegations that Defendants conspired to have him transferred to a certain program, assault him, and keep him in a dangerous program.  Conspiracy under Section 1983 merely provides a mechanism by which to plead or prove a constitutional or statutory violation.  Landrigan v. City of Warwick, 628 F.2d 736, 742 (1st Cir. 1980).  Although conspiracy claims are actionable under Section 1983, "it is necessary that there have been, besides the agreement, an actual deprivation of a right secured by the Constitution and laws. " Landrigan 628 F.2d at 742.  A pro se complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights will not withstand a motion to dismiss.  Zemsky v. City of New York, 821 F.2d 148, 152 (2nd Cir. 1987).

There are no facts pled to support a cognizable claim for conspiracy to violate Plaintiff's constitutional rights.  Plaintiff's bare allegation that Defendants conspired to commit various infractions  is devoid of any suggestion of facts which might conceivably support it.  It appears to be based on nothing more than Plaintiff's suspicion and/or speculation.  Plaintiff will be given leave to amend this claim, but may  be better served by concentrating on his other claims.  Otherwise, he must set forth allegations of fact which would support the allegation of conspiracy.

## IV.   CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under § 1983.  The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must

-11-

be [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's First Amended Complaint, filed January 14, 2011, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.\

IT IS SO ORDERED.

Dated:   May 28, 2012                          /s/ *Michael J. Seng*
                                                            UNITED STATES MAGISTRATE JUDGE

-12-