# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE,<br><br>  Plaintiff,<br><br>  v.<br><br>PETER FLORES, et al.,<br><br>  Defendants. | 1:11-cv-01239-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM AND OBEY A COURT ORDER<br><br>(ECF No. 27)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Ruchell Cinque Magee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights actions pursuant to 42 U.S.C. § 1983.

On July 16, 2012, the Court issued an Order to Show Cause, ordering Plaintiff to file an amended complaint by July 30, 2012. (ECF No. 27.) In the alternative, Plaintiff was to show cause why his case should not be dismissed for failure to comply with a court order and failure to state a claim. (Id.) July 30, 2012, has passed without Plaintiff complying with or otherwise responding to the Court's Order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the

1  inherent power to control their dockets and "in the exercise of that power, they may
2  impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.
3  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with
4  prejudice, based on a party's failure to prosecute an action, failure to obey a court order,
5  or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th
6  Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
7  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
8  amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
9  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
10 apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
11 (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421,
12 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local
13 rules).

14       In determining whether to dismiss an action for lack of prosecution, failure to obey
15 a court order, or failure to comply with local rules, the Court must consider several factors:
16 (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to
17 manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
18 disposition of cases on their merits; and (5) the availability of less drastic alternatives.
19 Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130;
20 Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

21       In the instant case, the Court finds that the public's interest in expeditiously
22 resolving this litigation and the Court's interest in managing its docket weigh in favor of
23 dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of
24 dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
25 in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The
26 fourth factor -- public policy favoring disposition of cases on their merits -- is greatly

outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's Order expressly stated: "Failure to meet this deadline will result in dismissal of this action." (Order, ECF No. 27.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order.

Accordingly, the Court RECOMMENDS that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983 and failure to obey the Court's July 16, 2012, Order (ECF No. 27).  The Court also RECOMMENDS that this dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098-1099 (9th Cir. 2011).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 20, 2012                      /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE